**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

The State, Respondent,

v.

Melvin Webb, Appellant.

Appellate Case No. 2010-165826

---

Appeal From Dorchester County
Diane Schafer Goodstein, Circuit Court Judge

---

Unpublished Opinion No. 2012-UP-533
Submitted September 4, 2012 – Filed September 19, 2012

---

**AFFIRMED**

---

Appellate Defender Elizabeth A. Franklin-Best, of Columbia, for Appellant.

Attorney General Alan Wilson, Chief Deputy Attorney General John W. McIntosh, Senior Assistant Deputy Attorney General Salley W. Elliott, and Assistant Attorney General William M. Blitch, Jr., all of Columbia; and Solicitor David M. Pascoe, Jr., of Summerville, for Respondent.

**PER CURIAM:**  Melvin Webb appeals his conviction of contributing to the delinquency of a minor, arguing the trial court erred in: (1) admitting the videotape of a forensic interview in violation of the Confrontation Clause and (2) allowing the victim's mother to testify.   We affirm[1] pursuant to Rule 220(b), SCACR, and the following authorities:

1. As to whether the trial court erred in admitting the videotape of a forensic interview in violation of the Confrontation Clause and allowing the State to introduce the videotape of the forensic interview in violation of Webb's right to confront witnesses against him: *State v. Pagan*, 369 S.C. 201, 208, 631 S.E.2d 262, 265 (2006) ("The admission of evidence is within the discretion of the trial court and will not be reversed absent an abuse of discretion."); *id.* ("An abuse of discretion occurs when the conclusions of the trial court either lack evidentiary support or are controlled by an error of law."); *State v. Hill*, 394 S.C. 280, 291, 715 S.E.2d 368, 374 (Ct. App. 2011) ("[T]he United States Supreme Court held that the admission of testimonial hearsay statements against an accused violates the Confrontation Clause if: (1) the declarant is unavailable to testify at trial, and (2) the accused has had no prior opportunity to cross-examine the declarant." (citing *Crawford v. Washington*, 541 U.S. 36, 54 (2004))); *id.* at 291, 715 S.E.2d at 374-75 ("However, the Confrontation Clause places no constraints at all on the use of the declarant's prior testimonial statements when the declarant appears for cross-examination at trial."); *State v. Stokes*, 381 S.C. 390, 401, 673 S.E.2d 434, 439 (2009) (stating *Crawford* established that when a declarant is available at trial and subject to cross-examination, there is no Confrontation Clause violation).

2. As to whether the trial court erred in allowing the victim's mother to testify: *State v. Saltz*, 346 S.C. 114, 121-22, 551 S.E.2d 240, 244 (2001) ("[I]n order for a prior consistent statement to be admissible pursuant to [Rule 801(d)(1)(B), SCRE], the following elements must be present: (1) the declarant must testify and be subject to cross-examination, (2) the opposing party must have explicitly or implicitly accused the declarant of recently fabricating the statement or of acting under an improper influence or motive, (3) the statement must be consistent with the declarant's testimony, and (4) the statement must have been made prior to the alleged fabrication, or prior to the existence of the alleged improper influence or motive.").

**AFFIRMED.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.

**HUFF, THOMAS, and GEATHERS, JJ., concur.**